```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------    :
In the Matter of the Arbitration        :   Docket No. _____
Between:                                :
                                        :
NORTH STAR REINSURANCE CORPORATION,     :
                                        :   PETITION TO CONFIRM
                           Petitioner,  :   ARBITRATION AWARD
                                        :
              -against-                 :
                                        :
HAREL INSURANCE COMPANY f/k/a ZION      :
INSURANCE COMPANY LIMITED,              :
                                        :
                           Respondent.  :
------------------------------------    :
```

Petitioner North Star Reinsurance Corporation ("North Star"), by and through its attorneys, Budd Larner, P.C., alleges as follows:

### Nature of the Petition

1.  This is a Petition pursuant to 9 U.S.C. §§9 and 201-203 to confirm a Final Award issued on April 4, 2007 in a reinsurance arbitration between the parties entitled "In the Matter of the Arbitration Between North Star, Petitioner, against Harel Insurance Company f/k/a Zion Insurance Company Limited, Respondent."

2.  This action arises under the Federal Arbitration Act because the reinsurance contracts at issue evidence transactions involving commerce among the several states.

## The Parties, Jurisdiction and Venue

3. North Star is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business is at 695 East Main Street, Stamford, Connecticut 06901.

4. Upon information and belief, Respondent Zion Insurance Company Limited ("Zion") is a foreign corporation organized under the laws of the Israel which was subsequently acquired by Harel Insurance Company, a foreign corporation organized under the laws of Israel, with its principal place of business in Ramat Gan, Israel.

5. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 9 U.S.C. §201-203. The arbitration agreements at issue are contained in retrocessional reinsurance contracts between North Star and Zion. Those contracts constitute commercial agreements between a citizen of the United States and a citizen of a foreign country. The United States and the foreign country, Israel, are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 *et seq*.

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(2) and 9 U.S.C. §204 because the contracts between North Star and Zion provide for the arbitration to take place in New York with New York law to be applied and the Award was made in this District. Additionally, venue is proper under 28 U.S.C. §1391(c) as Zion is subject to service of process in this district.

## Factual Background

### A. The Retrocessional Contracts and Arbitration Clauses

8. Reinsurance enables an insurance company to insure its liability under insurance policies that it issues to its insureds. In reinsurance, the insurer (often referred to in this context as the "cedent") transfers a portion of its liability to a reinsurer.

9. A retrocessional contract is reinsurance for the benefit of a reinsurer. In this context, the assuming company is sometimes referred to as the "retrocessionaire."

10. North Star and Zion entered into two treaties of retrocessional reinsurance (the "Contracts") under which Zion, as the retrocessionaire, provides certain reinsurance coverage to North Star. Copies of these contracts, effective July 1, 1970 through June 30, 1971, are attached to the Declaration of Joseph J. Schiavone, dated March 5, 2008 ("Schiavone Decl.") as Exhibits A and B, respectively.

11. The Contracts contain arbitration clauses that provide in part that any dispute arising out of the Contracts shall be referred to arbitration. Id. at Exhibit A, Article XVII; Exhibit B, Article XVII.

12. The Contracts further state that the decision arising from the arbitration shall be final and binding upon the contracting parties. Id.

B. The Arbitration

13. By letter dated May 15, 2006, North Star demanded arbitration against Zion to recover amounts due under the Contracts.

14. At Zion's request, the parties agreed to proceed with the arbitration before Susan E. Grondine as sole Arbitrator/Umpire (the "Arbitrator/Umpire").

15. The arbitration was conducted pursuant to a Confidentiality Agreement, which remains in effect. Schiavone Decl. at Exhibit C.

16. Upon North Star's motion, the Arbitrator/Umpire issued an Interim Ruling requiring Zion to post pre-hearing security in the amount of $172,470.

17. Following discovery, the parties submitted pre-hearing briefs and attended an arbitration hearing on March 5, 2007.

18. The Arbitrator/Umpire issued a Final Award on April 4, 2007 ordering Zion to pay a total of $224,615.24, consisting of

outstanding claim balances, interest on the outstanding balances and costs for bringing the arbitration. Schiavone Decl. at Exhibit D.

19. Zion was also ordered to post and maintain security for its share of North Star's reserves on a prospective basis. Id.

20. The Final Award specified that the contracts remained in full force and Zion had to pay all future billings within 30 days of receipt. Id.

21. With respect to all unpaid billings, the Final Award provided that interest accrued at a rate of 9% per annum, compounded. Id.

22. By letter of April 16, 2007, North Star informed Zion that Zion's share of the reserves as of that date was $33,992.

23. By E-mail dated May 7, 2007, Zion's counsel indicated that Zion had not made payment by the May 4, 2007 deadline, offering no explanation or reasoning.

24. By letter of June 20, 2007, North Star wrote the Arbitrator/Umpire notifying her of Zion's disregard of the Final Award and requesting relief in the form of a Supplemental Final Award.

25. The Arbitrator/Umpire elected not to issue the proposed Supplemental Final Award due to lack of jurisdiction over matters subsequent to the Final Award.

26. North Star has drawn down the pre-hearing security posted by Zion, but pursuant to the Final Award, is still owed an additional balance and interest thereon since the date of the Final Award, totaling $69,262.24. Schiavone Decl. at Exhibit E. Zion is also required to post $25,433 in security for its share of North Star's reserves for losses on a prospective basis. Id.

## Count I

27. North Star incorporates each of the allegations contained in paragraphs 1 through 15 of this Petition.

28. No grounds exist to vacate or modify the Award nor was any motion made to vacate, modify, or correct the Award within the three month limitation proscribed by 9 U.S.C. §12.

29. This Petition is timely because it is filed within one year after the Award was made.

30. North Star is entitled to confirmation of the April 4, 2007 Final Award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* and 9 U.S.C. §§201 *et seq.*

WHEREFORE, North Star requests that the Court enter judgment confirming the April 4, 2007 Final Award and granting North Star post-award interest and such other further relief as is just and proper.

Dated:   March 5, 2008
         Short Hills, New Jersey

>BUDD LARNER, P.C.
>11 Penn Plaza – 5th Floor
>New York, New York 10001
>(212) 946-2798
>
>– and –
>
>150 John F. Kennedy Parkway
>Short Hills, New Jersey 07078
>(973) 379-4800
>
>Attorneys for Petitioner North Star Reinsurance Corporation
>
>BY: *Joseph J. Schiavone*
>    Joseph J. Schiavone (JS 7303)

655730.w

7