UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- :
In the Matter of the Arbitration        :    Docket No. _____
Between:                                 :
                                         :       MEMORANDUM OF LAW
NORTH STAR REINSURANCE CORPORATION,      :          IN SUPPORT OF
                                         :       PETITION TO CONFIRM
                            Petitioner,  :        ARBITRATION AWARD
                                         :        AND MOTION TO SEAL
              -against-                   :
                                         :
HAREL INSURANCE COMPANY f/k/a ZION       :
INSURANCE COMPANY LIMITED,               :
                                         :
                            Respondent.  :
--------------------------------------- :


    Petitioner North Star Reinsurance Corporation ("North Star") submits this Memorandum of Law in support of its Petition to Confirm the Final Award in an arbitration between the parties, and its Motion to Seal in this action.

### Preliminary Statement

    This is a Petition pursuant to the New York Convention of the Federal Arbitration Act, 9 U.S.C §201-203, to confirm a reinsurance arbitration award issued on April 4, 2007 between North Star and Respondent Harel Insurance Company f/k/a Zion Insurance Company Limited ("Zion"). North Star, a domestic reinsurer, and Zion, a foreign retrocessionaire, are parties to two retrocessional reinsurance contracts under which Zion reinsures North Star. The contracts contain broad arbitration clauses.

North Star commenced an arbitration to recover amounts due under the contracts. The arbitration related to some 39 separate claims for which North Star had either billed Zion or requested security for reserves be posted. At the outset of the arbitration, North Star moved for, and was granted, pre-hearing security on the amounts due.

Following discovery and the hearing, the arbitrator/umpire issued a Final Award. Zion has failed to comply with the award. As a result, North Star has drawn down the pre-hearing security posted by Zion, but is still owed additional monies and compliance with other terms set forth in the Final Award. While no grounds to vacate or modify the Final Award exist, the time period to file such a motion has lapsed, and North Star is entitled to a judgment confirming the Award pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. §1 et seq.

In conjunction with its Petition to Confirm the Arbitration Award, North Star seeks to seal Exhibits A, B and D to the Declaration of Joseph J. Schiavone in Support of Petition to Confirm and Motion to Seal, dated March 5, 2008 (Schiavone Decl."). These exhibits are the two subject retrocessional contracts and the Final Award from the arbitration hearing. Good cause to seal these documents exists for several reasons. First, the underlying reinsurance arbitration was conducted pursuant to a strict Confidentiality Agreement issued by the

arbitrator/umpire, which remains in effect.   See Schiavone Decl., Exhibit C at ¶2.   The Confidentiality Agreement provides that all information and documents generated or produced in the arbitration be kept confidential, and requires that, subject to court approval, any disclosures of such information or documents to a court be sealed.   Id. at ¶3.   Indeed, the parties are obligated to cooperate in resisting disclosure of arbitration-related materials.   Id.

Further, and as shown below, North Star's disclosure of the reinsurance contracts at issue and the Final Award would subject North Star to significant prejudice.   Public disclosure would prejudice North Star both in its dealings with other insurers by having its proprietary information in the public forum, and could subject North Star to damages for breach of the Confidentiality Agreement.

In addition, the public has no legitimate interest in these documents and this is not a matter pertaining to public safety. Finally, the request for sealing is narrowly tailored by only requesting three documents be sealed with no less restrictive means possible.

## The Parties, Jurisdiction and Venue

North Star is a corporation organized and existing under the laws of Delaware, with its principal place of business in

Stamford, Connecticut.    It is authorized to write certain insurance and reinsurance in New York.

Upon information and belief, Zion, a foreign corporation organized and existing under the laws of Israel, was acquired by Harel Insurance Company, also a foreign corporation organized and existing under the laws of Israel, with its principal place of business in Ramat Gan, Israel.

The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 9 U.S.C. §201-203.    The arbitration agreements at issue are contained in retrocessional reinsurance contracts between North Star and Zion.    Those contracts constitute commercial agreements between a citizen of the United States and a citizen of a foreign country.    The United States and the foreign country, Israel, are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 *et seq* .

In addition, the Court has subject matter jurisdiction over this matter based on alienage pursuant to 28 U.S.C. §1332.    This proceeding ancillary to an arbitration is between a citizen of a certain state, North Star, as a citizen of Delaware, and Zion, a foreign corporation, and the amount in controversy in this action exceeds the sum of $75,000.

Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(2) and 9 U.S.C. §204, because the contracts between

North Star and Zion provide for the arbitration to take place in New York, New York with New York law to be applied. In addition, venue is proper under 28 U.S.C. §1391(c), because Zion is subject to service of process in this district.

Factual Background

A.    Retrocessional Contracts and Arbitration Clauses

North Star and Zion entered into two retrocessional reinsurance agreements (the "Contracts") under which Zion, as the retrocessionaire, provides certain reinsurance coverage to North Star. Schiavone Decl., Exhibits A and B.

The Contracts contain arbitration clauses that provide in part that any dispute arising out of the Contracts shall be referred to arbitration. Id. at Exhibit A, Article XVII; Exhibit B, Article XVII. The Contracts further state that the decision arising from the arbitration shall be final and binding upon the contracting parties. Id.

B.    The Arbitration

By letter dated May 15, 2006, North Star demanded arbitration against Zion to recover amounts due under the Contracts, and to request security be posted for reserves on a prospective basis. At Zion's request, the parties agreed to proceed with arbitration with Susan E. Grondine serving as the sole Arbitrator/Umpire.

At the outset of the arbitration, North Star moved for and was granted pre-hearing security in the amount of $172,470 in an Interim Ruling.  Following discovery and pre-hearing briefing, the parties attended an arbitration hearing on March 5, 2007, at which testimony and documents were received in evidence and arguments were submitted.

The Arbitrator/Umpire issued a Final Award on April 4, 2007 ordering Zion to pay the outstanding claim balances, pay interest on the outstanding balances, pay costs for bring the arbitration, and set up and maintain security for North Star's reserves on a prospective basis.  Schiavone Decl. at Exhibit D.  Pursuant to the Final Award, Zion was to pay North Star $224,615.34 by May 4, 2007 and post security on North Star's reserves by May 31, 2007.  Id. at ¶2, ¶4.  The Final Award also confirmed that the contracts remained in full force and required Zion to pay all future billings within 30 days of receipt.  Id. at ¶8.  If Zion failed to pay the billings, the Final Award specified that interest accrued at a rate of 9% per annum, compounded.  Id. at ¶9.

By letter of April 16, 2007, North Star informed Zion that, as of that date, its share of the reserves for which security was to be posted was $33,992.  Zion's counsel confirmed that Zion did not make any payment by May 4, 2007, offering no reason or explanation for non-compliance.  Zion also ignored its

obligation to post its share of North Star's reserves by May 31, 2007.

By letter of June 20, 2007, North Star advised the Arbitrator/Umpire of Zion's non-compliance with the Final Award and requested relief in the form of a Supplemental Final Award. The Arbitrator/Umpire elected not to issue the proposed Supplemental Final Award due to lack of jurisdiction over matters subsequent to the Final Award.

To date, Zion has disregarded every aspect of the Final Award, making this motion to confirm necessary. North Star has drawn down the pre-hearing security posted by Zion; however, Zion is still $69,262.24 in arrears and has not posted security on its share on North Star's reserves, which is approximately $25,433. See, Schiavone Decl. at Exhibit E.

The Court should confirm the Final Award as the Arbitrator/Umpire had jurisdiction under the broad arbitration clause of the Treaties, a full and fair hearing was conducted, and Zion has no grounds nor has it made any motion to vacate or modify the award within the three-month limitation proscribed by 9 U.S.C. §12.

ARGUMENT

POINT I

THE FINAL AWARD SHOULD BE CONFIRMED

Pursuant to 9 U.S.C. §9, the court "must grant" an order confirming an arbitration award unless the award is vacated, modified or corrected. 9 U.S.C §9.  No grounds exist to disturb the April 4, 2007 Final Award, and Zion has not made a motion to vacate or modify the award within the three-month limit proscribed by 9 U.S.C. §12.  As such, the Court should grant an order confirming the Final Award.

POINT II

THE COURT SHOULD SEAL CERTAIN CONFIDENTIAL
DOCUMENTS SUBMITTED IN CONJUNCTION WITH THE
PETITION TO CONFIRM THE ARBITRATION AWARD

A.   The Parties and Arbitration Panel Entered Into a
     Strict Confidentiality Agreement

Reinsurance arbitrations generally are conducted on a confidential basis; this is one of the reasons why most reinsurance contracts contain arbitration clauses and why most reinsurance disputes are resolved in arbitration rather than through the courts.

The parties here recognized these realities when they agreed on a strict Confidentiality Agreement (the "Agreement") governing this matter.  In the Agreement, the parties agreed not only that information and documents relating to the arbitration

remain confidential, but also expressly agreed that "serious injury" could result from any breach of confidentiality and provided a remedy for such a breach:

> The parties recognize that serious injury could result to any party and its business if the other party breaches its obligation under this Agreement. Therefore, each party agrees that all parties will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this Agreement in addition to any other remedies and damages that would be available at law or equity.

Schiavone Decl., Exh. C at ¶6.

The Agreement obligates the parties to maintain the confidentiality of arbitration-related information and documents, and requires that, subject to court approval, any such documents or information disclosed to a court be sealed. Id. at ¶2. Further, the parties agreed to "cooperate with each other in resisting or limiting disclosure" of arbitration-related materials. Id. at ¶3. For this reason, Zion could not oppose this motion to seal; indeed, Zion is obligated by the Agreement to cooperate in obtaining a sealing order.

Courts in this circuit generally uphold and apply parties' confidentiality agreements in the arbitration context, recognizing that the maintenance of confidentiality advances the important public policy interest in encouraging alternative dispute resolution. In an insurance-related matter, the United States District Court for the Eastern District of New York ruled

that "there are important policy interest [sic] involved in protecting the expectations of confidentiality belonging to parties who have chosen an alternative means of dispute resolution." Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc., 2005 WL 1522783, at *3 (E.D.N.Y. June 28, 2005). The Second Circuit has further explained that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." Gambale v. Deutsche Bank AG  377 F.3d 133, 143 (2d Cir. 2004).

These principles apply with even greater force where, as here, the requirement of confidentiality was imposed by an arbitration panel because of the deference that a court must afford to the arbitrators' rulings. See Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir., 2003) (to interfere with arbitration process "would frustrate the intent of the parties, and thwart the usefulness of arbitration.")

B.    North Star Would Be Harmed by Public Disclosure

In conjunction with its Petition to Confirm the Arbitration Award, North Star has lodged with the Court and seeks to seal Exhibits A, B and D: the two reinsurance agreements entered into with Zion and the arbitration award. These documents contain confidential and proprietary information concerning agreements between a reinsurer and its retrocessionaires and the results of

the arbitration arising from these contracts.  North Star will be injured if third parties have access to the confidential business information contained in these documents.  Such proprietary information reaching third parties would injure North Star vis-à-vis its dealings with other insurance companies.  See Declaration of Robert Edgeworth, dated February 15, 2008, at ¶¶11-12.

Further, public disclosure of these documents would prejudice North Star by exposing it to potential legal claims by Zion for breach of the Confidentiality Agreement.  Indeed, the Confidentiality Agreement mandates any disclosures made in connection with court proceedings relating to the arbitration be done under seal.  See, Schiavone Decl., Exhibit C at ¶3.  Any breach of this requirement would subject North Star to the damages outlined in the Confidentiality Agreement.  See, Id. at ¶6.

C.    There is No Public Interest in Connection with this Proceeding

As stated above, North Star's Petition to Confirm is a reinsurance matter between a reinsurer and its retrocessionaire. Accordingly, there is no public interest in this matter or the information contained herein, nor does this matter involve any issues of public safety.

D.    The Court Should Seal the Requested Documents

The Second Circuit has consistently allowed sealing of confidential arbitration information.  In <u>Dirussa v. Dean Witter Reynolds Inc.</u>, 121 F. 2d 818 (2d Cir. 1997), the Second Circuit affirmed an order sealing the entire court file, except for the Court's opinions and orders.  In that case, the parties had entered into a confidentiality agreement in the course of an arbitration.  The agreement required all papers in any subsequent action to be filed under seal.  <u>Id.</u> at 826.  Here, too, the Agreement requires that "subject to court approval, ... all submissions of Arbitration Information to a court shall be sealed."  Schiavone Decl., Exhibit C at ¶3.

While the <u>Dirussa</u> Court upheld the sealing of the entire court file, North Star only seeks to seal certain documents with confidential business information.  North Star's request is narrowly tailored so as to only seal such documents to protect North Star's interests with no less restrictive means possible. In light of the strong public policy in favor of preserving the confidentiality of arbitration proceedings, the Court should grant North Star's motion to seal Exhibits A, B and D to the Schiavone Declaration.

CONCLUSION

For the foregoing reasons, North Star requests that the Court grant its Petition to confirm the arbitration award and its Motion to Seal Exhibits A, B and D to the Schiavone Declaration.


Dated: March 5, 2008
       Short Hills, New Jersey

                         Respectfully submitted,

                         BUDD LARNER, P.C.
                         11 Penn Plaza – 5th Floor
                         New York, New York 10001
                         (212) 946-2798

                             – and –

                         150 John F. Kennedy Parkway
                         Short Hills, New Jersey 07078
                         (973) 379-4800

                         Attorneys for Petitioner North
                         Star Reinsurance Corporation

                         BY: _____
                             Joseph J. Schiavone (JS 7303)

655758.w