UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- :
In the Matter of the Arbitration     :   Docket No. _____
Between:                             :
                                     :
NORTH STAR REINSURANCE CORPORATION,  :
                                     :   DECLARATION OF
                        Petitioner,  :   JOSEPH J. SCHIAVONE
                                     :   IN SUPPORT OF
            -against-                :   PETITION TO CONFIRM
                                     :   AND MOTION TO SEAL
HAREL INSURANCE COMPANY f/k/a ZION   :
INSURANCE COMPANY LIMITED,           :
                                     :
                        Respondent.  :
------------------------------------- :

I, Joseph J. Schiavone, declare the following to be true under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. I am an attorney admitted to practice before this Court. I am a shareholder with the law firm of Budd Larner, P.C., attorneys for Petitioner North Star Reinsurance ("North Star"). I submit this Declaration to set before the Court certain facts and true copies of certain documents in support of North Star's Petition to Confirm the Final Award in an arbitration between the parties and in support of North Star's Motion to Seal the file in this matter.

2. North Star and Respondent Harel Insurance Company f/k/a Zion Insurance Company Limited ("Zion") are parties to certain retrocessional reinsurance contracts (the "Contracts") under which Zion reinsures North Star. A copy of the **Contracts**,

effective July 1, 1970 through June 30, 1971, are attached hereto as Exhibits A and B.

3. By letter dated May 15, 2006, North Star demanded arbitration against Zion in accordance with the contracts seeking payment of outstanding balances, funding for outstanding reserves due under the contracts, as well as an award of attorney's fees and other appropriate relief.

4. At Zion's request, the parties agreed to proceed with the arbitration before Susan E. Grondine as sole Arbitrator/Umpire.

5. The arbitration was conducted pursuant to a Confidentiality Agreement, which remains in effect. A copy of the Confidentiality Agreement is attached hereto as Exhibit C.

6. At North Star's request, the Arbitrator/Umpire issued an Interim Ruling requiring Zion to post pre-hearing security in the amount of $172,470.

7. Following discovery, the parties submitted pre-hearing briefs and convened for the arbitration hearing on March 5, 2007. A copy of the Final Award from the arbitration hearing, issued on April 4, 2007, is attached as Exhibit D.

8. The Final Award established that: (a) Zion had to pay $224,615.34 for the outstanding billings, interest thereon and costs for bringing the arbitration to North Star by May 4, 2007;

(b) Zion had to post security for its share of North Star's reserves on a prospective basis on or before May 31, 2007; (c) the contracts remained in full force and Zion had to pay all future billings within 30 days of receipt; and (d) on all unpaid billings, interest accrued at a rate of 9% per annum, compounded. Id. at ¶¶4-9.

9. By letter of April 16, 2007, North Star informed Zion that Zion's share of the reserves was $33,992 as of that date.

10. By E-mail dated May 7, 2007, Zion's counsel indicated that Zion had not made payment by the May 4, 2007 deadline.

11. By letter of June 20, 2007, North Star advised the Arbitrator/Umpire of Zion's disregard of the Final Award and requested relief in the form of a Supplemental Final Award.

12. North Star has drawn down the pre-hearing security posted by Zion. As of February 1, 2008, North Star is still owed an additional $69,262.24 pursuant to the Final Award and interest thereon since the date of the Final Award. Zion is also required to post an additional sum of $25,433 in security for its share of North Star's reserves for losses on a prospective basis. A copy of a listing of the current balances is attached as Exhibit E.

13. Exhibits A and B filed by North Star in conjunction with the Petition to Confirm the Arbitration Award contain

confidential and proprietary business information concerning agreements between a reinsurer and its retrocessionaires.

14. Exhibit D contains confidential arbitration information in the form of the Final Award from the arbitration.

15. North Star will be injured if other reinsureds or retrocessionaires have access to the confidential business information contained in Exhibits A and B, the reinsurance agreements, and Exhibit D, the Final Award in the confidential arbitration.

16. The public has no legitimate interest in these documents, and the information contained therein does not pertain to matters of public interest or public safety.

17. The motion to seal is narrowly tailored as it applies to only three documents.

18. There is no less restrictive alternative that would be effective in preventing harm to North Star.

19. No prior application for the relief requested herein has been made.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 5, 2008.

_____
JOSEPH J. SCHIAVONE

655742.W

# Exhibit A

Exhibit A contains non-public, confidential information. Exhibit A has been lodged with the Court pending a ruling on a forthcoming Motion by North Star for Leave to File Under Seal the Confidential Exhibits to the Declaration of Joseph J. Schiavone in Support of Petition to Confirm Arbitration Award.

# Exhibit B

Exhibit B contains non-public, confidential information. Exhibit A has been lodged with the Court pending a ruling on a forthcoming Motion by North Star for Leave to File Under Seal the Confidential Exhibits to the Declaration of Joseph J. Schiavone in Support of Petition to Confirm Arbitration Award.

# Exhibit C

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN <br><br> NORTH STAR REINSURANCE, CORPORATION <br><br> Petitioner, <br><br> - and - <br><br> ZION INSURANCE COMPANY LIMITED, <br><br> Respondent. | Before the Umpire: <br><br> Susan E. Grondine, Esq. |

## CONFIDENTIALITY AGREEMENT

1. The parties intending to be bound by this agreement are:

   a. Petitioner North Star Reinsurance Corporation ("North Star"), and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors.

   b. Respondent Zion Insurance Company Limited, n/k/a Harel Insurance Company ("Zion") and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors.

2. Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, North Star and Zion agree that all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

3. Disclosure of Arbitration Information may be made: (a) to the extent necessary to obtain compliance with any interim decisions or the final award herein, or to secure payment from retrocessionaires; (b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify or vacate an arbitration award; (c) as is necessary in communications with auditors retained by any party, or federal or state regulators; (d) as is necessary to comply with subpoenas, discovery requests or orders of any court; and (e) to the extent Arbitration Information is already lawfully in the public domain. Any disclosures pursuant to subparagraphs (a) or (c) shall be accompanied by a copy of this Confidentiality Agreement and an instruction to any recipient to maintain the confidentiality of

all Arbitration Information. In connection with any disclosures pursuant to subparagraph (b), the parties agree, subject to court approval, that all submissions of Arbitration Information to a court shall be sealed. If any party is requested or required under subparagraph (d) to disclose Arbitration Information, subject to any applicable legal restrictions, that party will give written notice to the other(s) as soon as possible after the subpoena, discovery request or court order is received. In all contexts, all parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information.

4. For the purpose of conducting this arbitration, Arbitration Information may be disclosed as needed or appropriate to the following persons only:

    a. the Umpire, who evidences by her execution hereof her undertaking to maintain Arbitration Information in confidence as set forth herein;

    b. counsel for a party or employees of counsel's law firm who are assisting counsel;

    c. employees and agents of the parties for purposes consistent with this agreement;

    d. any party's deposition or trial witness;

    e. any person retained by counsel for a party to assist in this arbitration; provided, however, that such person shall agree to be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to Arbitration Information, an affidavit in the form attached hereto as Exhibit A; or

    f. any non-party deposition or trial witness; provided, however, that such person shall agree to be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to Arbitration Information, an affidavit in the form attached hereto as Exhibit A.

5. If a party is requested or required to disclose Arbitration Information, subject to applicable legal restrictions, that Party will: 1) notify the other party(ies) in writing as soon as possible after the subpoena, request or court order is received, to permit the other party(ies) to seek legal protection against any such disclosure; and 2) tender the defense of that demand to the party that produced the Arbitration Information, or permit that party to associate in the defense of that demand. Unless the demand has been timely limited, quashed or extended, the obligated party will thereafter be entitled to comply with such demand, request or court order to the extent required by law. If requested by any other party(ies), the obligated party will cooperate (at the expense of the requesting other party(ies)) in the defense of a demand.

6. The parties recognize that serious injury could result to any party and its business

if the other party breaches its obligations under this Agreement. Therefore, each party agrees that all parties will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this Agreement, in addition to any other remedies and damages that would be available at law or equity.

The Umpire: _Susan E Grondine_

AGREED:

_Mark D. Haurney_ for North Star Reinsurance Corporation, Petitioner

_[signature]_ for Zion Insurance Company Limited, n/k/a Harel Insurance Company, Respondent

Dated: _November 16, 2006_

## EXHIBIT A

---
IN THE MATTER OF THE ARBITRATION  )   Before the Umpire:
BETWEEN                            )
                                   )   Susan E. Grondine, Esq.
NORTH STAR REINSURANCE,            )
CORPORATION                        )
                                   )
            Petitioner,             )
                                   )
          - and -                   )
                                   )
ZION INSURANCE COMPANY LIMITED,    )
                                   )
            Respondent.             )
---

### AFFIDAVIT

_____, being duly sworn, deposes and says:

1. I live at _____

2. I am employed as (position) by (name and address of employer), _____

3. I am aware that the parties to In the Matter of the Arbitration Between North Star Reinsurance Corporation ("North Star") and Zion Insurance Company, n/k/a Harel Insurance Company ("Zion") have entered into a Confidentiality Agreement dated _____. I have received and read a copy of that Confidentiality Agreement.

4. I agree to review or otherwise use the material produced in the instant arbitration by _____only under supervision of a party's counsel and only in connection with this particular arbitration.

5.     I agree that I am bound by the terms of the Confidentiality Agreement as though I were a party to the arbitration, and I will not disclose or discuss material produced by _____ or _____ to or with any person other than those permitted access to such material under the Confidentiality Agreement.

(Signature)_____


Sworn to before me this _____ day of _____, 20___.


                                             _____
                                                     Notary Public (SEAL)

# Exhibit D

Exhibit D contains non-public, confidential information. Exhibit A has been lodged with the Court pending a ruling on a forthcoming Motion by North Star for Leave to File Under Seal the Confidential Exhibits to the Declaration of Joseph J. Schiavone in Support of Petition to Confirm Arbitration Award.

# Exhibit E

North Star Reinsurance Corporation
Zion Insurance Company Limited
Recoverables Due on Paids
as of January 31, 2008

| Ceding Company | Insured Name | Billing Date | Unpaid Balance |
|---|---|---|---:|
| APPALACHIAN INS CO | DRESSER INDUSTRIES | Feb-07 | 1,012.61 |
| HOME-AMERICAN HOME | ELI LILLY CO | Apr-07 | 884.34 |
| WESTINGHOUSE ELECTRIC CO | WESTINGHOUSE ELECTRIC CO | May-07 | 694.32 |
| NORTH STAR | ARBITRATION LEGAL COSTS | Jun-07 | 15,000.00 |
| NORTH STAR | ARBITRATION ACCRUED INTEREST | Jun-07 | 37,145.34 |
| NORTH STAR | ARBITRATION ACCRUED INTEREST | Jun-07 | 32.48 |
| WESTINGHOUSE ELECTRIC CO | WESTINGHOUSE ELECTRIC CO | Jul-07 | 843.69 |
| NORTH STAR | ARBITRATION ACCRUED INTEREST | Jul-07 | 54.57 |
| WESTINGHOUSE ELECTRIC CO | WESTINGHOUSE ELECTRIC CO | Aug-07 | 1,196.34 |
| NORTH STAR | ARBITRATION ACCRUED INTEREST | Aug-07 | 456.71 |
| NORTH STAR | ARBITRATION ACCRUED INTEREST | Sep-07 | 872.32 |
| WESTINGHOUSE ELECTRIC CO | WESTINGHOUSE ELECTRIC CO | Oct-07 | 1,015.65 |
| WESTINGHOUSE ELECTRIC CO | WESTINGHOUSE ELECTRIC CO | Oct-07 | 272.02 |
| NORTH STAR | ARBITRATION ACCRUED INTEREST | Oct-07 | 1,299.80 |
| NORTH STAR | ARBITRATION ACCRUED INTEREST | Nov-07 | 1,727.77 |
| WESTINGHOUSE ELECTRIC CO | WESTINGHOUSE ELECTRIC CO | Dec-07 | 887.47 |
| NORTH STAR | ARBITRATION ACCRUED INTEREST | Dec-07 | 2,186.96 |
| APPALACHIAN INS CO | DRESSER INDUSTRIES | Jan-08 | 1,012.61 |
| NORTH STAR | ARBITRATION ACCRUED INTEREST | Jan-08 | 2,667.24 |
| | | **Grand Total** | **$ 69,262.24** |

Without Prejudice

Prepared by: Global Retrocessions
January 31, 2008

**North Star Reinsurance Corporation**

Zion Insurance Company Limited
Open Claims Listing
as of January 31, 2008

| Contract Layer | Claim ID | Loss Date | COL | Ceding Company | Insured Name | Total Case Reserves |
|---|---|---|---|---|---|---|
| 1003-1970-02 | 4057900 | 15-Feb-71 | HAZ | STAUFFER CHEMICAL | STAUFFER CHEMICAL | 2,288 |
| 1003-1970-02 | 4089834 | 24-Jul-70 | ASB | THE HOME INSURANCE COMPANY | PPG INDUSTRIES, INC. | 342 |
| 1003-1970-02 | 4112886 | 31-Dec-70 | ASB | HOME INSURANCE COMPANY | BENDIX CORPORATION | 3,750 |
| 1003-1970-02 | 4123427 | 11-May-71 | ASB | APPALACHIAN INSURANCE COMPANY | DRESSER INDUSTRIES | 950 |
| 1003-1970-02 | 4181611 | 1-Jan-71 | DES | HOME INSURANCE COMPANY | SQUIBB CORP | 306 |
| 1003-1970-02 | 4185490 | 1-Feb-71 | ASB | ICSOP | KAISER ALUMINUM AND CHEMICAL | 3,750 |
| | | | | | | 11,385 |
| 1003-1970-03 | 4057674/080670 | 6-Aug-70 | ASB | WESTINGHOUSE ELECTRIC CO | WESTINGHOUSE ELECTRIC CO | 8,507 |
| 1003-1970-03 | 4123427 | 11-May-71 | ASB | APPALACHIAN INSURANCE COMPANY | DRESSER INDUSTRIES | 63 |
| 1003-1970-03 | 4185490 | 1-Feb-71 | ASB | ICSOP | KAISER ALUMINUM AND CHEMICAL | 426 |
| 1003-1970-03 | 5053750 | 1-Jan-71 | ASB | THE HOME INSURANCE CO | WARNER LAMBERT | 5,052 |
| | | | | | | 14,048 |
| | | | | | Grand Total  $ | 25,433 |