UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ :
In the Matter of the Arbitration          : Docket No. _____
Between:                                   :
                                           :
NORTH STAR REINSURANCE CORPORATION,        :
                                           :     DECLARATION OF
                              Petitioner,  :  ROBERT EDGEWORTH IN
                                           :  SUPPORT OF MOTION FOR
              -against-                    :  LEAVE TO FILE UNDER
                                           :  SEAL CONFIDENTIAL
HAREL INSURANCE COMPANY f/k/a ZION         :  EXHIBITS TO THE
INSURANCE COMPANY LIMITED,                 :   DECLARATION OF
                                           :  JOSEPH J. SCHIAVONE
                              Respondent.  :
------------------------------------------ :

I, Robert Edgeworth, declare the following:

1. I am a Vice President at General Reinsurance Corporation ("General Re"). I am the manager of the Retrocessional Environmental Mass Tort Claims Unit which is responsible for the retrocessions of North Star Reinsurance Corporation ("North Star") and other General Re Group companies.

2. I submit this declaration in support of North Star's Motion for Leave to File Under Seal Confidential Exhibits to the Declaration of Joseph J. Schiavone in Support of Petition to Confirm (the "Schiavone Declaration"), filed in the above-captioned action.

3. The Umpire, North Star and Zion entered into a Confidentiality Agreement, dated November 16, 2006. In accordance with that Confidentiality Agreement, the parties are

required to keep "Arbitration Information" confidential. In connection with any court proceedings relating to the arbitration award, the Confidentiality Agreement mandates that, "subject to court approval, all submissions of Arbitration Information to a court shall be sealed." <u>See</u> Schiavone Declaration, Exhibit C at ¶3.

4. The broad definition of "Arbitration Information" includes documents produced in the proceedings, information exchanged in connection with the proceedings and the final award itself. <u>Id.</u> at ¶2.

5. Exhibit A to the Schiavone Declaration is a true and correct copy of a retrocessional reinsurance agreement between North Star and Zion Insurance Company Limited ("Zion"), which was submitted into the record for the arbitration proceeding.

7. Exhibit B to the Schiavone Declaration is a true and correct copy of a retrocessional reinsurance agreement between North Star and Zion, which was submitted into the record for the arbitration proceeding.

8. Exhibit D to the Schiavone Declaration is a true and correct copy of the Final Award rendered in the arbitration proceeding between North Star and Zion.

9. Exhibits A, B and D to the Schiavone Declaration all fall under the definition of "Arbitration Information" in the Confidentiality Agreement as either being submitted into the

record for the arbitration proceeding, being information exchanged in connection with the proceeding, or being the final award itself.

10. North Star relied on the Confidentiality Agreement when it submitted Exhibits A and B to the Schiavone Declaration into the record of the arbitration proceeding.

11. Exhibits A, B and D to the Schiavone Declaration contain North Star's confidential and commercially sensitive business information, including the specific terms of the retrocessional reinsurance agreements between North Star and Zion.

12. Public dissemination of Exhibits A, B and D to the Schiavone Declaration would create a substantial risk of direct and serious injury to North Star. Specifically, third parties could use knowledge of the contract terms in negotiations for future reinsurance contracts.

13. Public dissemination of Exhibits A, B and D could also prejudice North Star by exposing it to potential legal claims by Zion for breach of the Confidentiality Agreement. By its terms, any breach of the Confidentiality Agreement would subject North Star to any remedies or damages available in law or equity. See, Id. at ¶6.

14. Zion could claim that any public disclosures of Exhibits A, B and D to the Schiavone Declaration by North Star is a breach under the Confidentiality Agreement.

15. The information contained in Exhibits A, B and D to the Schiavone Declaration does not pertain to matters of public interest or public safety. Preserving the confidentiality of Exhibits A, B and D to the Schiavone Declaration would not endanger or otherwise jeopardize the public.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 15, 2008.

*Robert Edgeworth*
ROBERT EDGEWORTH

668178.W