UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| North Star Reinsurance Corporation,<br><br>                Plaintiff,<br><br>- against -<br><br>Harel Insurance Company<br>f/k/a Zion Insurance Company<br>Limited<br>                Defendant, | 08 Civ. 02380 (DAB)<br><br>**MOTION FOR DEFAULT JUDGMENT** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Relief Sought**

North Star Reinsurance Corporation ("North Star") moves this court for entry of a default judgment against Harel Insurance Company f/k/a Zion Insurance Company Limited ("Zion") under Rule 55(b)(2) of the Federal Rules of Civil Procedure. North Star Reinsurance Corporation requests that the judgment be as further set forth in the attached proposed default judgment.

**Grounds for Relief**

The Court should enter the judgment requested against Zion and in favor of North Star because:

1. The Final Arbitration Award of April 4, 2007 sets out a valid claim for outstanding claim balances, interest on the outstanding balances, and costs for bringing the arbitration. Zion was also ordered to post and maintain security for its share of North Star's reserves on a prospective basis. Zion was further ordered to pay all of North Star's future billings within 30 days of receipt from the broker or North Star. The Final Award also granted North Star interest on all outstanding amounts. By virtue of the default, Zion may not challenge any of the factual allegations supporting that claim.

2. This action was commenced on March 7, 2008 by the filing of a summons which was served on defendant on March 10, 2008. Attached hereto as Exhibit A is a copy of the summons and complaint with proof of service.

3. Zion has not appeared in the action, and is not entitled to notice of this application. However, notice of this application was given to the agent for service of process of Zion more than three days before any hearing on this application, as is shown in the attached Certificate of Service.

4. The default of Zion was noted by the Clerk on June 5, 2008. Attached hereto as Exhibit B is a true and correct copy of the Clerk's Certificate.

5. The terms of relief sought in the requested judgment are fully justified by the facts shown in the attached affidavit.

**Supporting Papers**

This motion is based on this document, the Notice of Motion, the accompanying affidavit, on all the pleadings and papers on file in this action, and on whatever evidence and argument is presented at a hearing on this motion.

Dated: Short Hills, New Jersey
July 16, 2008

                                        BUDD LARNER, P.C.
                                        150 John F. Kennedy Parkway
                                        Short Hills, NJ 07078-2703
                                        (973) 379-4800 (phone)
                                        mhoerrner@budd-larner.com (e-mail)

                                        Attorneys for Plaintiffs North Star
                                        Reinsurance Corporation
                                        By: *[signature]*
                                             Mark D. Hoerrner

w.681517

# EXHIBIT A

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

JUDGE BATTS

Southern District of New York

North Star Reinsurance Corporation

**SUMMONS IN A CIVIL CASE**

V.

Harel Insurance Company f/k/a Zion Insurance
Company Limited

CASE NUMBER:

**08 CV 02380**

TO: (Name and address of Defendant)

Harel Insurance Company
f/k/a Zion Insurance Company Limited
3 Abba Hillel Street, P.O.B. 1951
Ramat Gan, Israel 52118

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Joseph J. Schiavone, Esq.
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Attorneys for Petitioner
North Star Reinsurance Corporation

answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this mmons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you r the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a asonable period of time after service.

**J. MICHAEL McMAHON**                                                   MAR 0 7 2008

ERK                                                                       DATE

_[signature]_
) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                  Date                  *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

655884.w

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- :
In the Matter of the Arbitration      :   Docket No. _____
Between:                              :
                                      :
NORTH STAR REINSURANCE CORPORATION,   :
                                      :   PETITION TO CONFIRM
                          Petitioner, :   ARBITRATION AWARD
                                      :
              -against-               :
                                      :
HAREL INSURANCE COMPANY f/k/a ZION    :
INSURANCE COMPANY LIMITED,            :
                                      :
                          Respondent. :
------------------------------------- :

Petitioner North Star Reinsurance Corporation ("North Star"), by and through its attorneys, Budd Larner, P.C., alleges as follows:

### Nature of the Petition

1.  This is a Petition pursuant to 9 U.S.C. §§9 and 201-203 to confirm a Final Award issued on April 4, 2007 in a reinsurance arbitration between the parties entitled "In the Matter of the Arbitration Between North Star, Petitioner, against Harel Insurance Company f/k/a Zion Insurance Company Limited, Respondent."

2.  This action arises under the Federal Arbitration Act because the reinsurance contracts at issue evidence transactions involving commerce among the several states.

## The Parties, Jurisdiction and Venue

3.  North Star is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business is at 695 East Main Street, Stamford, Connecticut 06901.

4.  Upon information and belief, Respondent Zion Insurance Company Limited ("Zion") is a foreign corporation organized under the laws of the Israel which was subsequently acquired by Harel Insurance Company, a foreign corporation organized under the laws of Israel, with its principal place of business in Ramat Gan, Israel.

5.  The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 9 U.S.C. §201-203. The arbitration agreements at issue are contained in retrocessional reinsurance contracts between North Star and Zion. Those contracts constitute commercial agreements between a citizen of the United States and a citizen of a foreign country. The United States and the foreign country, Israel, are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 *et seq.*

6.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and 9 U.S.C. §204 because the contracts between North Star and Zion provide for the arbitration to take place in New York with New York law to be applied and the Award was made in this District. Additionally, venue is proper under 28 U.S.C. §1391(c) as Zion is subject to service of process in this district.

## Factual Background

### A. The Retrocessional Contracts and Arbitration Clauses

8. Reinsurance enables an insurance company to insure its liability under insurance policies that it issues to its insureds. In reinsurance, the insurer (often referred to in this context as the "cedent") transfers a portion of its liability to a reinsurer.

9. A retrocessional contract is reinsurance for the benefit of a reinsurer. In this context, the assuming company is sometimes referred to as the "retrocessionaire."

10. North Star and Zion entered into two treaties of retrocessional reinsurance (the "Contracts") under which Zion, as the retrocessionaire, provides certain reinsurance coverage to North Star. Copies of these contracts, effective July 1, 1970 through June 30, 1971, are attached to the Declaration of Joseph J. Schiavone, dated March 5, 2008 ("Schiavone Decl.") as Exhibits A and B, respectively.

11. The Contracts contain arbitration clauses that provide in part that any dispute arising out of the Contracts shall be referred to arbitration. <u>Id</u>. at Exhibit A, Article XVII; Exhibit B, Article XVII.

12. The Contracts further state that the decision arising from the arbitration shall be final and binding upon the contracting parties. <u>Id.</u>

B. <u>The Arbitration</u>

13. By letter dated May 15, 2006, North Star demanded arbitration against Zion to recover amounts due under the Contracts.

14. At Zion's request, the parties agreed to proceed with the arbitration before Susan E. Grondine as sole Arbitrator/Umpire (the "Arbitrator/Umpire").

15. The arbitration was conducted pursuant to a Confidentiality Agreement, which remains in effect. Schiavone Decl. at Exhibit C.

16. Upon North Star's motion, the Arbitrator/Umpire issued an Interim Ruling requiring Zion to post pre-hearing security in the amount of $172,470.

17. Following discovery, the parties submitted pre-hearing briefs and attended an arbitration hearing on March 5, 2007.

18. The Arbitrator/Umpire issued a Final Award on April 4, 2007 ordering Zion to pay a total of $224,615.24, consisting of

4

outstanding claim balances, interest on the outstanding balances and costs for bringing the arbitration. Schiavone Decl. at Exhibit D.

19. Zion was also ordered to post and maintain security for its share of North Star's reserves on a prospective basis. Id.

20. The Final Award specified that the contracts remained in full force and Zion had to pay all future billings within 30 days of receipt. Id.

21. With respect to all unpaid billings, the Final Award provided that interest accrued at a rate of 9% per annum, compounded. Id.

22. By letter of April 16, 2007, North Star informed Zion that Zion's share of the reserves as of that date was $33,992.

23. By E-mail dated May 7, 2007, Zion's counsel indicated that Zion had not made payment by the May 4, 2007 deadline, offering no explanation or reasoning.

24. By letter of June 20, 2007, North Star wrote the Arbitrator/Umpire notifying her of Zion's disregard of the Final Award and requesting relief in the form of a Supplemental Final Award.

25. The Arbitrator/Umpire elected not to issue the proposed Supplemental Final Award due to lack of jurisdiction over matters subsequent to the Final Award.

26. North Star has drawn down the pre-hearing security posted by Zion, but pursuant to the Final Award, is still owed an additional balance and interest thereon since the date of the Final Award, totaling $69,262.24. Schiavone Decl. at Exhibit E. Zion is also required to post $25,433 in security for its share of North Star's reserves for losses on a prospective basis. Id.

### Count I

27. North Star incorporates each of the allegations contained in paragraphs 1 through 15 of this Petition.

28. No grounds exist to vacate or modify the Award nor was any motion made to vacate, modify, or correct the Award within the three month limitation proscribed by 9 U.S.C. §12.

29. This Petition is timely because it is filed within one year after the Award was made.

30. North Star is entitled to confirmation of the April 4, 2007 Final Award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 et seq. and 9 U.S.C. §§201 et seq.

WHEREFORE, North Star requests that the Court enter judgment confirming the April 4, 2007 Final Award and granting North Star post-award interest and such other further relief as is just and proper.

Dated:   March 5, 2008
         Short Hills, New Jersey

                          BUDD LARNER, P.C.
                          11 Penn Plaza – 5th Floor
                          New York, New York 10001
                          (212) 946-2798

                                - and -

                          150 John F. Kennedy Parkway
                          Short Hills, New Jersey 07078
                          (973) 379-4800

                          Attorneys for Petitioner North
                          Star Reinsurance Corporation

                          BY: _____
                              Joseph J. Schiavone (JS 7303)

655730.w

7

United States District Court Of New York
Southern District
..............................................................

North Star

    Vs

Zion

..............................................................

Docket Number
08 CV 02380

Affidavit of Service

State Of New York

    I Melvin Westreich delivered a Summons, Notice of Petition to Confirm Arbitration Award, Petition to Confirm Arbitration Award, Notice of Motion to File Under Seal Confidential Exhibits to the Declaration of Joseph J. Schiavone, Declaration of Joseph J. Schiavone in Support of Petition to Confirm and Motion to Seal, Memorandum of Law in Support of Petition to Confirm Arbitration Award and Motion to Seal, Order to Seal, Declaration of Robert Edgeworth in Support of Motion for Leave to File Under Seal Confidential Exhibits to the declaration of Joseph J. Schiavone, Notice of Lodging Confidential Documents with Court and Rule 7.1 Disclosure. This was served on Monday, March 10, 2008 on Mendes and Mount 750 7th Avenue New York. I was not allowed upstairs in the building and was told I must serve it in the mail room. Ed Murray from the mail room accepted at 2:15pm.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

I _Melvin Westreich_
Was at the time of service a competent adult
Not having a direct interest in the litigation.
I declare under penalty of perjury that the foregoing
Statement is true.

_____  3-17-08
Signature of Process Server         Date

Sworn to on this _17_ day of March, 2008

_____
Notary Signature

JOSEPH L. HORN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Aug. 3, 2008

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

                North Star Reinsurance        08 Civ. 02380
                Corporation,

                                                       **CLERK'S CERTIFICATE**

- against -

                Harel Insurance Company
                f/k/a Zion Insurance Company
                Limited
------------------------------------x

    I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on March 7, 2008 with the filing of a summons, a copy of the summons was served on defendant by serving Mendes and Mount, 750 7th Avenue, New York, New York, by hand delivery of Melvin Westreich to the mail room on March 10, 2008, and proof of such service thereof was filed on March 17, 2008.

    I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the petition herein. The default of the defendant is hereby noted.

Dated: New York, New York
       6/5/08

                                                  **J. MICHAEL MCMAHON**
                                                  Clerk of the Court

                                                  By: _____
                                                        Deputy Clerk