UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

North Star Reinsurance
Corporation,

                        Plaintiff,

    - against -

Harel Insurance Company
f/k/a Zion Insurance Company
Limited

                        Defendant,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

08 Civ. 02380 (DAB)

**AFFIDAVIT FOR
DEFAULT JUDGMENT
AND STATEMENT OF
DAMAGES**

State of New Jersey  )
                    )
County of Essex      )

Mark D. Hoerrner, being duly sworn, deposes and states:

    1.  I am a member of the Bar of this Court and am a shareholder with the firm of Budd Larner, P.C., attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

    2.  I make this affidavit pursuant to Rule 55.1 and 55.2(b) of the Civil Rules for the Southern District of New York, in support of plaintiff's application for entry of a default judgment against defendant.

    3.  Jurisdiction of the subject matter of this action is based on 28 U.S.C. §1332 because there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

    4.  This is an action to recover a sum certain owed by defendant to plaintiff for unpaid balances of the Final Award of the arbitration panel.  Attached hereto as exhibit A is a true and correct copy of the Final Award dated April 4, 2007.

5.  This action was commenced on March 7, 2008 by the filing of a summons. Attached hereto as exhibit B is a true and correct copy of the summons dated March 7, 2008.

6.  A copy of the summons was served on defendant on March 10, 2008 by personal service on Mendes and Mount who, pursuant to the contract between the parties, is defendant's agent for service of process.  Service was made by personal delivery, and proof of service by the Special Process Server was filed.  Attached hereto as exhibit C is a true and correct copy of the Affidavit of Service dated March 17, 2008.

7.  The defendant has not answered the complaint and the time for the defendant to answer the complaint has expired.  Attached hereto as exhibit D is a true and correct copy of the Petition to Confirm the Arbitration Award dated March 5, 2008.

8.  The default of Zion was noted by the Clerk on June 5, 2008.  Attached hereto as exhibit E is a true and correct copy of the Clerk's Certificate dated June 5, 2008.

9.  Under the Final Award of the arbitrator Zion was ordered to pay North Star $224,615.34.  This total amount is the sum of (a) $152,439.44 for amounts billed and outstanding under the Treaties at January 21, 2007; and (b) $57,175.90 for interest accrued on the balances through December 20, 2006; and (c) $15,000 for costs associated with bringing the arbitration.

10.  The Final Award ordered that North Star would advise defendant of its share of reserves under the treaties as at December 31, 2006 and that defendant would be required to conform to the terms of an existing Letter of Credit to Article XI of the Treaties with regard to its share of North Star's reserves, as of the time of the Final Award and in the future.  As of June 30, 2008, the share of defendant's reserves is $29,925.

11. In the event defendant did not make the required payments, the Final Award authorized North Star to draw down a provided a Letter of Credit in the amount of $172,470. Because of defendant's complete failure to pay the Award, North Star drew down the full amount of the Letter of Credit. Accordingly, there is currently no letter of credit issued for the benefit of North Star.

12. The Final Award grants North Star interest on any outstanding amounts at the compounded at a rate of 9% per annum.

13. The Final Award orders that all of Zion's obligations under the treaties remain in full force and effect. Zion is ordered to pay all future billings under the treaties within 30 days of receipt from either North Star or the broker. Amounts not paid by the 30th day shall accrue interest at the compounded rate of 9% per annum from the 31st day forward.

14. This action seeks judgment for the amount of $68,604.04, which is calculated as follows: (a) $56,450.58, which represents the difference between the total amount required in paragraph 2 of the Final Award ($224,615.34) and the drawn Letter of Credit ($172,470) equal to $52,145.34, plus interest in the amount of $4,305.24; and (b) $12,153.46 which represents $11,538.65 in billings submitted by plaintiff in the time since the award in this matter, plus interest at the compounded rate of 9% per annum equal to $614.81.

15. This action also seeks judgment requiring Zion to post $29,925 in security for its share of North Star's reserves for losses as per the Final Award of the arbitration panel, which is justly due and owing.

16. This action also seeks judgment requiring Zion to pay all future billings within 30 days of receipt from the broker or North Star.

17.   Future billings not paid within 30 days will begin to accrue interest at the compounded rate of 9% per annum.

18.   Defendants should pay reasonable attorney's fees in the amount of $15,520.50 for costs associated with enforcing the Final Award.

19.   The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

WHEREFORE, plaintiff requests the entry of Default and the entry of the annexed Judgment against defendant.


Dated: Short Hills, New Jersey
      July 16, 2008

                    BUDD LARNER, P.C.
                    150 John F. Kennedy Parkway
                    Short Hills, NJ 07078-2703
                    (973) 379-4800 (phone)
                    mhoerrner@budd-larner.com (e-mail)

                    Attorneys for North Star Reinsurance
                    Corporation
                    By: _Mark D. Hoerrner_
                        Mark D. Hoerrner

Sworn to before me this _16th_
Day of _July_, _2008_.

_Rosemary Bonocore_
Notary Public

ROSEMARY A. BONOCORE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires March 8, 2009

w.678331

# EXHIBIT A



In the Matter of Arbitration Between: )
)
NORTH STAR REINSURANCE )
CORPORATION, )
) Susan E. Grondine, Arbitrator/Umpire
Petitioner )
)
-and- )
)
HAREL INSURANCE COMPANY )
f/k/a ZION INSURANCE COMPANY )
LIMITED, )
Respondent )
)

## **FINAL AWARD**

In the Matter of Arbitration between North Star Reinsurance Corporation ("North Star") and Harel Insurance Company f/k/a, and successor-in-interest to, Zion Insurance Company Limited ("Harel"), a hearing was held in New York City, NY pursuant to an agreement of the Parties and by contracts known as the First and Second Excess of Loss Reinsurance Treaties ("Treaties"). Considering all of the documentary and testimonial evidence presented during the full course of this Arbitration and hearing the arguments of the Parties by their representatives, I hereby rule as follows:

1. The Treaties are valid and enforceable and bind Harel to a .05% share as described in the Addendum 1 and Addendum 5 of the Treaties.

2. On or before May 4, 2007 Harel is ordered to pay North Star the following sums (USD):

   A. $152,439.44 for amounts billed and outstanding under the Treaties at January 21, 2007;

   B. $57,175.90 for interest accrued on the balances through December 20, 2006;

   C. $15,000.00 for costs associated with bringing this Arbitration.

3. On or before May 15, 2007, North Star shall advise Harel of its share of reserves under the Treaties as at December 31, 2006.

1

4.  On or before May 31, 2007 Harel is ordered to conform to the terms of the Letter of Credit Article XI of the Treaties with regard to its share of North Star's reserves, now and in the future. For the avoiding doubt Harel shall use one of the banks on the list attached hereto as Appendix A if a letter of credit is used to secure the reserves.

5.  Upon confirmation to the Arbitrator that payment has been made pursuant to paragraph 2, and that either a funds held account or fully compliant contract LOC has been established pursuant to paragraph 3, the original letter of combined credit dated December 20, 2006 ("Letter of Credit") will be returned to Harel for cancellation.

6.  In the event that Harel does not make the required payments or fund its share of reserves as set forth in paragraphs 2 and 3 above, then the Arbitrator will provide North Star with the Letter of Credit and hereby authorizes North Star to immediately draw down the full amount of $172,470.

7.  Any outstanding amounts will accrue interest at the compounded rate of 9% per annum.

8.  Harel's obligations under the Treaties remain in full force and effect going forward. Harel is ordered to pay all future billings under the Treaties within 30 days of receipt from the London broker and/or North Star.

9.  Any amounts not paid by the 30th day shall accrue interest at the compounded rate of 9% per annum from the 31st day forward.

10. Harel shall retain all rights under the Treaties including, but not limited to, the inspection of records. Should Harel wish to invoke this right, its account must be current at the time of its request. At any and all reasonable times, North Star shall then allow Harel, and or it's duly appointed representatives, to perform such inspection.

11. All other demands and requests by the parties for relief are specifically denied.

2

12. The Arbitrator retains jurisdiction in this matter in order to effectuate the ultimate disposition of the Letter of Credit as described above. Once the Letter of Credit has been returned to either of the Parties, the Arbitrator shall relinquish such jurisdiction.

Ordered and submitted to the Parties and their respective counsel:

_Susan E. Grondine_ Dated: _April 4, 2007_

Susan E. Grondine

3

**APPENDIX A**

[Intentionally blank]



## Section 12. List of Banks

*Explanatory Note*: State insu~~~~~~e regulations and insurance companies may use this list for an purpose of the purposes discussed in Part Ten of this Manual *(Creation and Maintenance of Bank List).*

A specific banking entity must apply to be listed only once. This means that an insurance company     may d business with: (i) a listed domestic parent bank entity, and any of its unlisted domestic branches; (ii) a liste domestic branch of a domestic parent bank entity, the unlisted domestic parent bank entity and any othe unlisted domestic branches of the same domestic parent bank entity; and (iii) a listed U.S. branch of a foreig bank entity and any other unlisted U.S. branches of the same foreign parent bank entity.* Notwithstanding th above, any entity related to a domestic listed entity (i.e. parent or branch) may apply to be listed independently.

Any domestic parent bank entity, its domestic branches and U.S. branches of a foreign parent bank entity wit no related entity on the list that wants to be listed must apply to the SVO. The procedure for being placed o this list is described in Part Ten, Section 3 of this Manual.

*This policy only applies to banks that share the same legal identity. Banking entities that share the same o similar names but that are separately chartered, and bank subsidiaries, that want to be listed, must appl individually.*

| Bank Name | City/State | Country |
|---|---|---|
| ANZ Banking Group, Ltd. | New York, NY | Australia |
| AgStar Financial Services, ACA | Mankato, MN | USA |
| Alliance Bank of Arizona | Phoenix, AZ | USA |
| Allied Irish Bank | New York, NY | Ireland |
| Allstate Bank | Vernon Hills, IL | USA |
| AmSouth Bank | Birmingham, AL | USA |
| American National Bank | Cheyenne, WY | USA |
| Anchor Bank Heritage N.A. | North Saint Paul, MN | USA |
| Arthur State Bank | Union, SC | USA |
| Associated Bank, N.A. | Green Bay, WI | USA |
| BNP Paribas | New York, NY | France |
| BancFirst | Oklahoma City, OK | USA |
| Banca Intesa | New York, NY | Italy |
| Banca Nazionale del Lavoro SpA | New York, NY | Italy |
| Banca di Roma S.p.A. | New York Branch | Italy |
| Banco Bilbao Vizcaya Argentaria | New York, NY | Spain |
| Banco Santander Central Hispano | New York, NY | Spain |
| Bank of Agriculture & Commerce | Stockton, CA | USA |
| Bank of Albuquerque, N.A. | Albuquerque, NM | USA |
| Bank of America, N.A. | Los Angeles, CA | USA |
| Bank of Arizona, N.A. | Phoenix, AZ | USA |
| Bank of Arkansas, N.A. | Fayetteville, AR | USA |
| Bank of Hawaii | Honolulu, HI | USA |

A-42

© 1990-2006 National Association of Insurance Commissioners

| | | |
|---|---|---|
| Bank of Lancaster County, N.A. | Strasburg, PA | USA |
| Bank of Montreal | Chicago, IL | Canada |
| Bank of Oklahoma, N.A. | Tulsa, OK | USA |
| Bank of Scotland | New York, NY | U.K. |
| Bank of Stockton | Stockton, CA | USA |
| Bank of Texas, N.A. | Dallas, TX | USA |
| Bank of Tokyo-Mitsubishi UFJ Trust Company | New York, NY | Japan |
| Bank of the West | Los Angeles, CA | USA |
| Bankers Trust Company | Des Moines, IA | USA |
| Barclays Bank PLC | New York, NY | United Kingdom |
| Bayerische Hypo-und Vereinsbank, A.G. | New York, NY | Germany |
| Bayerische Landesbank | New York, NY | Germany |
| Boone County National Bank | Columbia, MO | USA |
| Branch Banking and Trust Company | Charlotte, NC | USA |
| Brown Brothers Harriman & Company | New York, NY | USA |
| Brown Brothers Harriman Trust Company, LLC | New York, NY | USA |
| California Bank & Trust | Los Angeles, CA | USA |
| Calyon | New York, NY | France |
| Canadian Imperial Bank of Commerce | New York, NY | Canada |
| Capital One Bank, NA | New Orleans, LA | USA |
| Carolina First Bank | Greenville, SC | USA |
| Chambers Bank | Danville, AR | USA |
| Charter One Bank, N.A. | Cleveland, OH | USA |
| Chester National Bank | Chester, IL | USA |
| Chittenden Trust Company | Burlington, VT | USA |
| Citibank, N.A. | New York, NY | USA |
| Citizens Bank (Delaware) | Wilmington, DE | USA |
| Citizens Bank New Hampshire | Manchester, NH | USA |
| Citizens Bank of Connecticut | New London, CT | USA |
| Citizens Bank of Massachusetts | Boston, MA | USA |
| Citizens Bank of Pennsylvania | Philadelphia, PA | USA |
| Citizens Bank of Rhode Island | Providence, RI | USA |
| Citizens Bank, N.A. | Albany, NY | USA |
| Citizens National Bank of Greater St Louis | Maplewood, MO | USA |
| City National Bank | Beverly Hills, CA | USA |
| CoBank, ACB | Greenwood Village, CO | USA |
| CoBiz Bank, NA | Denver, CO | USA |
| Colonial Bank National Association | Montgomery, AL | USA |
| Colorado State Bank & Trust, N.A. | Denver, CO | USA |
| Columbia Bank and Trust Company | Columbus, GA | USA |
| Comerica Bank | Detroit, MI | USA |
| Commerce Bank, N.A. | Cherry Hill, NJ | USA |
| Commerce Bank, N.A. | Kansas City, MO | USA |
| Commerzbank, A.G. | New York, NY | Germany |
| Commonwealth Bank of Australia | New York, NY | Australia |
| Community Bank & Trust | Clarks Summit, PA | USA |
| Compass Bank | Birmingham, AL | USA |
| Credit Industriel et Commercial | New York, NY | France |

A-43

1990-2006 National Association of Insurance Commissioners

| | | |
|---|---|---|
| Credit Suisse | New York Branch | Switzerland |
| Credit Suisse | The Cayman Islands Branch | Switzerland |
| Danversbank | Danvers, MA | USA |
| Deutsche Bank Trust Company Americas | Jersey City, NJ | USA |
| DnB Nor Bank ASA | New York, NY | Norway |
| Dresdner Bank, A.G. | New York, NY | Germany |
| East West Bank | San Marino, CA | USA |
| Farm Credit West, ACA | San Marino, CA | USA |
| Farm Credit of Central Florida, ACA | Lakeland, FL | USA |
| Federal Home Loan Bank | Des Moines, IA | USA |
| Fifth Third Bank | Cincinnati, OH | USA |
| First Bank | St. Louis, MO | USA |
| First Citizens Bank & Trust Company | Raleigh, NC | USA |
| First Hawaiian Bank | Honolulu, HI | USA |
| First Interstate Bank | Sheridan, WY | USA |
| First National Bank of Arizona | Scottsdale, AZ | USA |
| First National Bank of Fort Smith | Fort Smith, AR | USA |
| First National Bank of Nevada | Reno, NV | USA |
| First National Community Bank | Dunmore, PA | USA |
| First Republic Bank | San Francisco, CA | USA |
| First United Bank and Trust Company | Durant, OK | USA |
| Frost National Bank | San Antonio, TX | USA |
| Fulton Bank | Lancaster, PA | USA |
| GE Capital Financial, Inc. | Salt Lake City, UT | USA |
| Gainesville Bank & Trust | Gainesville, GA | USA |
| Greater Bay Bank N.A. | San Francisco, CA | USA |
| Guaranty Bank | Austin, TX | USA |
| HSBC Bank USA | Buffalo, NY | USA |
| HSH Nordbank AG | New York, NY | Germany |
| Harris N.A. | Chicago, IL | USA |
| Huntington National Bank | Columbus, OH | USA |
| IberiaBank | Lafayette, LA | USA |
| Independence Community Bank | Brooklyn, NY | USA |
| Intrust Bank, N.A. | Wichita, KS | USA |
| KBC Bank, N.V. | New York, NY | Belgium |
| KeyBank National Association | Cleveland, OH | USA |
| LaSalle Bank Midwest | Troy, MI | USA |
| Lakeside Bank | Chicago, IL | USA |
| Landesbank Baden-Wuertemberg | New York, NY | Germany |
| Landesbank Hessen-Thuringen Girozentrale | New York, NY | Germany |
| Lehman Brothers Bank, FSB | Wilmington, DE | USA |
| Lloyds TSB Bank Plc | New York, NY | United Kingdom |
| M&I Marshall & Ilsley Bank | Milwaukee, WI | USA |
| Manufacturers and Traders Trust Co. | Buffalo, NY | USA |
| Mellon Bank, N.A. | Pittsburgh, PA | USA |
| Mercantile Bank | Orlando, FL | USA |
| Merrill Lynch Bank USA | Salt Lake City, Utah | USA |
| Mid Penn Bank | Millersburg, PA | USA |

© 1990-2006 National Association of Insurance Commissioners

| Bank | Location |
|---|---|
| Mizuho Corporate Bank USA | New York, NY |
| Morgan Stanley Bank | West Valley City, UT |
| Morton Community Bank | Morton, IL |
| Natexis Banque | New York, NY |
| National Australia Bank Ltd. | New York, NY |
| National Bank of Canada | New York, NY |
| National City Bank | Cleveland, OH |
| National Penn Bank | Boyertown, PA |
| Norddeutsche Landesbank Girozentrale | New York, NY |
| Nordea Bank Finland Plc. | New York, NY |
| North Fork Bank | Melville, NY |
| Oxford Bank and Trust | Addison, IL |
| PNC Bank, National Association | Pittsburgh, PA |
| Pacific Capital Bank N.A. | Santa Barbara, CA |
| Pacific Continental Bank | Eugene, OR |
| Penn Security Bank and Trust Company | Scranton, PA |
| Prosperity Bank | El Campo, TX |
| RBC Centura Bank | Charlotte, NC |
| Rabobank International | New York, NY |
| Regions Bank | Montgomery, AL |
| Republic Bank & Trust Company | Louisville, KY |
| RiverHills Bank | Vicksburg, MS |
| Royal Bank of Canada | New York, NY |
| Royal Bank of Scotland Plc. | New York, NY |
| S&T Bank | Indiana, PA |
| SANPAOLO IMI S.p.A. | New York, NY |
| Security State Bank of Hibbing | Hibbing, MN |
| Signature Bank | New York, NY |
| Silicon Valley Bank | Santa Clara, CA |
| Sky Bank | Salineville, OH |
| Societe Generale | New York, NY |
| Southern Bank and Trust Company | Mount Olive, NC |
| Sovereign Bank, FSB | Boston, MA |
| Standard Chartered Bank | New York, NY |
| State Bank & Trust | Fargo, ND |
| State Street Bank and Trust Company | Boston, MA |
| Sterling Bank | Houston, TX |
| Sumitomo Mitsui Banking Corp. | New York, NY |
| Summit Bank, N.A. | Fort Worth, TX |
| SunTrust Banks, Inc. | Atlanta, GA |
| Svenska Handelsbanken AB | New York, NY |
| Synovus Bank of Tampa Bay | St. Petersburg, FL |
| TD BankNorth, N.A. | Montpelier, VT |
| Texas Capital Bank, NA | Dallas, TX |
| The Bank of New York | New York, NY |
| The Bank of Tokyo-Mitsubishi UFJ, Ltd. | New York, NY |
| The Bank/First Citizens Bank | Cleveland, TN |
| The Dime Bank | Honesdale, PA |

| Country |
|---|
| Japan |
| USA |
| USA |
| France |
| Australia |
| Canada |
| USA |
| USA |
| Germany |
| Finland |
| USA |
| USA |
| USA |
| USA |
| USA |
| USA |
| USA |
| Canada |
| Netherlands |
| USA |
| USA |
| USA |
| Canada |
| United Kingdom |
| USA |
| Italy |
| USA |
| USA |
| USA |
| USA |
| France |
| USA |
| USA |
| United Kingdom |
| USA |
| USA |
| USA |
| Japan |
| USA |
| USA |
| Sweden |
| USA |
| USA |
| USA |
| USA |
| Japan |
| USA |
| USA |

A-45

July 1, 2006

: 1990-2006 National Association of Insurance Commissioners

| Bank | Location | Country |
|---|---|---|
| The F&M Bank & Trust Company | Tulsa, OK | USA |
| The First National Bank & Trust Co. of Iron Mountain | Iron Mountain, MI | USA |
| The First National Bank of Long Island | Huntington, NY | USA |
| The First State Bank of Arcadia | Arcadia, FL | USA |
| The Mars National Bank | Mars, PA | USA |
| The Mechanics Bank | Walnut Creek, CA | USA |
| The National Bank of Indianapolis | Indianapolis, IN | USA |
| The National Bank of South Carolina | Columbia, ME | USA |
| The Northern Trust Company | Chicago, IL | USA |
| The Shizuoka Bank | New York Agency | Japan |
| The Southwest National Bank | Wichita, KS | USA |
| The Toronto-Dominion Bank | New York, NY | Canada |
| Trustmark National Bank | Jackson, MS | USA |
| U.S. Bank National Association | Saint Paul, MN | USA |
| UMB Bank N.A. | Kansas City, MO | USA |
| Umpqua Bank | Portland, OR | USA |
| Union Bank of California, N.A. | San Francisco, CA | USA |
| United Commercial Bank | San Francisco, CA | USA |
| United Community Bank | Chatham, IL | USA |
| United States Trust Company, National Association | New York, NY | USA |
| W.T.B. Financial Corporation | Spokane, WA | USA |
| Wachovia Bank, N.A. | Winston-Salem, NC | USA |
| Webster Bank, N.A. | Hartford, CT | USA |
| Wells Fargo Bank | San Francisco, CA | USA |
| Wells Fargo Bank Alaska | Anchorage, AK | USA |
| West Coast Bank | Wilsonville, OR | USA |
| West Suburban Bank | Lombard, IL | USA |
| WestLB AG | New York, NY | Germany |
| Westamerica Bank | Suisun City, CA | USA |
| Westfield Bank | Westfield, MA | Australia |
| Westpac Banking Corporation | New York, NY | USA |
| Whitney National Bank | New Orleans, LA | USA |
| Wilmington Trust Company | Wilmington, DE | USA |
| Zions First National Bank | Salt Lake City, UT | USA |

\*Banks which were previously on the list but which have not paid the required $220.00 annual maintenance fee have been removed from the list.

July 1, 2006

A-46

© 1990-2006 National Association of Insurance Commissioners

# EXHIBIT B

# UNITED STATES DISTRICT COURT

Southern | District of | New York

North Star Reinsurance Corporation

**SUMMONS IN A CIVIL CASE**

V.

Harel Insurance Company f/k/a Zion Insurance
Company Limited

CASE NUMBER:

## 08 CV 02380

TO: (Name and address of Defendant)

Harel Insurance Company
f/k/a Zion Insurance Company Limited
3 Abba Hillel Street, P.O.B. 1951
Ramat Gan, Israel 52118

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Joseph J. Schiavone, Esq.
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Attorneys for Petitioner
North Star Reinsurance Corporation

an answer to the complaint which is herewith served upon you, within _____twenty (20)_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

MAR 07 2008

CLERK | DATE

(BY) DEPUTY CLERK

O 440  (Rev. 10/93)  Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| ervice of the Summons and complaint was made by me[1] | DATE |
| ME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the defendant.  Place where served: _____

    _____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
    discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐   Returned unexecuted: _____

    _____

    _____

☐   Other (specify): _____

    _____

    _____

## STATEMENT OF SERVICE FEES

| AVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
             Date                 *Signature of Server*

                                   _____
                                   *Address of Server*

As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

655884.w

# EXHIBIT C

United States District Court Of New York
Southern District

...................................................

**Docket Number**
08 CV 02380

North Star

Vs

<u>Affidavit of Service</u>

Zion

...................................................

State Of New York

I Melvin Westreich delivered a Summons, Notice of Petition to Confirm
Arbitration Award, Petition to Confirm Arbitration Award, Notice of Motion to
File Under Seal Confidential Exhibits to the Declaration of Joseph J. Schiavone,
Declaration of Joseph J. Schiavone in Support of Petition to Confirm and Motion
to Seal, Memorandum of Law in Support of Petition to Confirm Arbitration
Award and Motion to Seal, Order to Seal, Declaration of Robert Edgeworth in
Support of Motion for Leave to File Under Seal Confidential Exhibits to the
declaration of Joseph J. Schiavone, Notice of Lodging Confidential Documents
with Court and Rule 7.1 Disclosure. This was served on Monday, March 10, 2008
on Mendes and Mount 750 7th Avenue New York. I was not allowed upstairs in
the building and was told I must serve it in the mail room. Ed Murray from the
mail room accepted at 2:15pm.

I certify that the foregoing statements made by me are true. I am aware that if any
of the foregoing statements are willfully false, I am subject to punishment.

I _Melvin Westreich_
Was at the time of service a competent adult
Not having a direct interest in the litigation.
I declare under penalty of perjury that the foregoing
Statement is true.

_____        _3-17-08_
Signature of Process Server          Date

Sworn to on this _17_ day of March, 2008

_____
Notary Signature

JOSEPH L. HORN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Aug. 9, 2008

2

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- :
In the Matter of the Arbitration         :    Docket No. _____
Between:                                 :
                                         :
NORTH STAR REINSURANCE CORPORATION,      :
                                         :    PETITION TO CONFIRM
                          Petitioner,    :    ARBITRATION AWARD
                                         :
              -against-                   :
                                         :
HAREL INSURANCE COMPANY f/k/a ZION       :
INSURANCE COMPANY LIMITED,               :
                                         :
                          Respondent.    :
---------------------------------------- :

     Petitioner North Star Reinsurance Corporation ("North Star"), by and through its attorneys, Budd Larner, P.C., alleges as follows:

### Nature of the Petition

     1.   This is a Petition pursuant to 9 U.S.C. §§9 and 201–203 to confirm a Final Award issued on April 4, 2007 in a reinsurance arbitration between the parties entitled "In the Matter of the Arbitration Between North Star, Petitioner, against Harel Insurance Company f/k/a Zion Insurance Company Limited, Respondent."

     2.   This action arises under the Federal Arbitration Act because the reinsurance contracts at issue evidence transactions involving commerce among the several states.

### The Parties, Jurisdiction and Venue

3.    North Star is a corporation organized and existing under the laws of the State of Delaware.  Its principal place of business is at 695 East Main Street, Stamford, Connecticut 06901.

4.    Upon information and belief, Respondent Zion Insurance Company Limited ("Zion") is a foreign corporation organized under the laws of the Israel which was subsequently acquired by Harel Insurance Company, a foreign corporation organized under the laws of Israel, with its principal place of business in Ramat Gan, Israel.

5.    The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 9 U.S.C. §201-203.  The arbitration agreements at issue are contained in retrocessional reinsurance contracts between North Star and Zion.  Those contracts constitute commercial agreements between a citizen of the United States and a citizen of a foreign country.  The United States and the foreign country, Israel, are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 *et seq.*

6.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

7.    Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(2) and 9 U.S.C. §204 because the contracts between North Star and Zion provide for the arbitration to take place in New York with New York law to be applied and the Award was made in this District.   Additionally, venue is proper under 28 U.S.C. §1391(c) as Zion is subject to service of process in this district.

## Factual Background

### A. The Retrocessional Contracts and Arbitration Clauses

8.    Reinsurance enables an insurance company to insure its liability under insurance policies that it issues to its insureds.   In reinsurance, the insurer (often referred to in this context as the "cedent") transfers a portion of its liability to a reinsurer.

9.    A retrocessional contract is reinsurance for the benefit of a reinsurer.   In this context, the assuming company is sometimes referred to as the "retrocessionaire."

10.    North Star and Zion entered into two treaties of retrocessional reinsurance (the "Contracts") under which Zion, as the retrocessionaire, provides certain reinsurance coverage to North Star.   Copies of these contracts, effective July 1, 1970 through June 30, 1971, are attached to the Declaration of Joseph J. Schiavone, dated March 5, 2008 ("Schiavone Decl.") as Exhibits A and B, respectively.

3

11.   The Contracts contain arbitration clauses that provide in part that any dispute arising out of the Contracts shall be referred to arbitration. Id. at Exhibit A, Article XVII; Exhibit B, Article XVII.

12.   The Contracts further state that the decision arising from the arbitration shall be final and binding upon the contracting parties.  Id.

B. The Arbitration

13.   By letter dated May 15, 2006, North Star demanded arbitration against Zion to recover amounts due under the Contracts.

14.   At Zion's request, the parties agreed to proceed with the arbitration before Susan E. Grondine as sole Arbitrator/Umpire (the "Arbitrator/Umpire").

15.   The arbitration was conducted pursuant to a Confidentiality Agreement, which remains in effect.  Schiavone Decl. at Exhibit C.

16.   Upon North Star's motion, the Arbitrator/Umpire issued an Interim Ruling requiring Zion to post pre-hearing security in the amount of $172,470.

17.   Following discovery, the parties submitted pre-hearing briefs and attended an arbitration hearing on March 5, 2007.

18.   The Arbitrator/Umpire issued a Final Award on April 4, 2007 ordering Zion to pay a total of $224,615.24, consisting of

outstanding claim balances, interest on the outstanding balances and costs for bringing the arbitration.    Schiavone Decl. at Exhibit D.

19.  Zion was also ordered to post and maintain security for its share of North Star's reserves on a prospective basis. Id.

20.  The Final Award specified that the contracts remained in full force and Zion had to pay all future billings within 30 days of receipt.   Id.

21.  With respect to all unpaid billings, the Final Award provided that interest accrued at a rate of 9% per annum, compounded.   Id.

22.  By letter of April 16, 2007, North Star informed Zion that Zion's share of the reserves as of that date was $33,992.

23.  By E-mail dated May 7, 2007, Zion's counsel indicated that Zion had not made payment by the May 4, 2007 deadline, offering no explanation or reasoning.

24.  By letter of June 20, 2007, North Star wrote the Arbitrator/Umpire notifying her of Zion's disregard of the Final Award and requesting relief in the form of a Supplemental Final Award.

25. The Arbitrator/Umpire elected not to issue the proposed Supplemental Final Award due to lack of jurisdiction over matters subsequent to the Final Award.

26. North Star has drawn down the pre-hearing security posted by Zion, but pursuant to the Final Award, is still owed an additional balance and interest thereon since the date of the Final Award, totaling $69,262.24. Schiavone Decl. at Exhibit E. Zion is also required to post $25,433 in security for its share of North Star's reserves for losses on a prospective basis. Id.

## Count I

27. North Star incorporates each of the allegations contained in paragraphs 1 through 15 of this Petition.

28. No grounds exist to vacate or modify the Award nor was any motion made to vacate, modify, or correct the Award within the three month limitation proscribed by 9 U.S.C. §12.

29. This Petition is timely because it is filed within one year after the Award was made.

30. North Star is entitled to confirmation of the April 4, 2007 Final Award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 et seq. and 9 U.S.C. §§201 et seq.

WHEREFORE, North Star requests that the Court enter judgment confirming the April 4, 2007 Final Award and granting North Star post-award interest and such other further relief as is just and proper.

Dated:    March 5, 2008
          Short Hills, New Jersey

BUDD LARNER, P.C.
11 Penn Plaza - 5th Floor
New York, New York 10001
(212) 946-2798

- and -

150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800

Attorneys for Petitioner North Star Reinsurance Corporation

BY: _____
    Joseph J. Schiavone (JS 7303)

655730.w

7

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

North Star Reinsurance
Corporation,

08 Civ. 02380

**CLERK'S CERTIFICATE**

- against -

Harel Insurance Company
f/k/a Zion Insurance Company
Limited
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the

Southern District of New York, do hereby certify that this action commenced on March

7, 2008 with the filing of a summons, a copy of the summons was served on defendant by

serving Mendes and Mount, 750 7th Avenue, New York, New York, by hand delivery of

Melvin Westreich to the mail room on March 10, 2008, and proof of such service thereof

was filed on March 17, 2008.

I further certify that the docket entries indicate that the defendant has not filed an

answer or otherwise moved with respect to the petition herein. The default of the

defendant is hereby noted.

Dated: New York, New York

4/5/08

**J. MICHAEL MCMAHON**
Clerk of the Court

By: _____
Deputy Clerk